IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-00191-F-1
No. 5:16-CV-00271-F

| | |
|---|---|
| RANDY OLIVER, )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on Randy Oliver's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-49]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Oliver's Motion to Vacate is ALLOWED.

In his Motion to Vacate, Oliver argues that pursuant to *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), he is no longer eligible for the sentencing enhancement contained in 18 U.S.C. § 924(e). Mot. Vacate [DE-49] at 4. To be eligible for a sentencing enhancement under § 924(e)(1), Oliver must have sustained three previous convictions for a violent felony, serious drug offense, or both, prior to the commission of the instant offense. A "serious drug offense" requires a "maximum term of imprisonment of ten years or more [to be] prescribed by law." 18 U.S.C. § 924(e)(2).

In *Newbold*, the Fourth Circuit Court of Appeals applied *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), to determine whether a North Carolina sentence imposed under the Fair Sentencing Act qualified as a serious drug offense for purposes of § 924(e)(2)(A). *Newbold*, 791 F.3d at 463. The court looked to the presumptive sentence that an offense carried

and whether the defendant's state court judgment has "aggravating factors supporting a sentence within the aggravated range," that is, a sentence above the presumptive sentence. *Id.* The court required the existence of aggravating factors even when the defendant received a consolidated sentence with other offenses. *Id.*

In its Response, the Government concedes that given the Fourth Circuit's holding in *Newbold*, it appears that Oliver lacks the three predicates necessary to be enhanced under § 924(e)(1). Gov't's Resp. [DE-55] at 2. The Government notes that the judgment for Oliver's three convictions for selling cocaine does not reflect that any aggravating findings were made. *Id.* at 2-3; Mot. Vacate [DE-49-1] at 2. As a result, Oliver's convictions for selling cocaine do not qualify as violent felonies. *Id.* at 3. The Government concedes that Oliver's sentence should be vacated and he should be resentenced. *Id.*

In light of the foregoing, including the Government's concessions, Oliver's Motion to Vacate [DE-49] is ALLOWED. Oliver's February 2, 2004 Judgment [DE-24] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement.

SO ORDERED.

This, the 7 day of June, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge